J-S28006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRAY JIBRIL MURRAY | : | |
| | : | |
| Appellant | : | No. 631 EDA 2021 |

Appeal from the PCRA Order Entered March 1, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0402931-1982

BEFORE:  BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED SEPTEMBER 24, 2021**

Bray Jibril Murray appeals *pro se* from the order that dismissed as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

Appellant is serving a sentence of life imprisonment without parole for first-degree murder.  After his judgment of sentence became final in 1985, Appellant engaged in repeated prior efforts to obtain post-conviction relief, through the PCRA and its predecessor the Post Conviction Hearing Act ("PCHA").  None was successful.  Appellant filed the instant PCRA petition on November 19, 2018, raising multiple claims of ineffective assistance of trial counsel.  *See* PCRA Petition, 11/19/18, at Attachment to Page 3.  He alleged

---

[*] Retired Senior Judge assigned to the Superior Court.

that the PCRA court had jurisdiction to entertain the petition pursuant to 42 Pa.C.S. § 9545(b)(1)(ii) and (iii) and our Supreme Court's decision in *Commonwealth v. Peterson*, 192 A.3d 1123 (Pa. 2018). *See id*. at 7; Memorandum of Law, 11/19/18, at 1.

On December 23, 2020, the PCRA court issued notice of its intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907, and ultimately followed through on dismissal by order dated March 1, 2021. Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to file a Pa.R.A.P. 1925(b) statement, but it did supply an opinion in accordance with Pa.R.A.P. 1925(a).

Appellant states the following questions for our consideration:

1. Whether pursuant to 42 Pa. C.S. § 9545(b)(1) Appellant's first petition was required to filed within one-year his judgment of sentence became final and under [*Peterson*, *supra*] should he be permitted to file a second petition beyond the one-year time bar pursuant to section 9545(b)(1)(ii), if ineffectiveness *per se* completely foreclosed review of collateral claims regarding abandonment on direct appeal and also the untimely filing of first petition by same counsel?

2. Whether the non-constitutional/watershed decision of [*Peterson*, *supra*] triggers the retroactive provision of 42 Pa.C.S. § 9545(b)(1)(iii) to the PCRA, requiring that it be applied to long-ago cases of ineffectiveness *per se*, where unbeknownst to Appellant court appointed counsel that had failed to file direct appeal, instead filed an untimely and unauthorized PCHA petition, that completely foreclosed review of collateral claims?

3. Whether prior to *Commonwealth v. Peterkin*, 722 A2d 638 (Pa. 1998), and/or [*Peterson*, *supra*] the PCRA filed by Appellant *pro se* on January 10, 1997, qualify as the first validly filed postconviction collateral petition, if the PCHA court lacked any statutory and/or judicial authority to entertain and determine

- 2 -

the PCHA petition filed by counsel as defective and untimely, if it was neither signed or verified by affidavit from Appellant nor authorized for counsel to file it on his behalf?

Appellant's brief at 4 (unnecessary capitalization and quotation marks omitted).

We begin our assessment with a review of the pertinent legal principles. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." *Commonwealth v. Rizvi*, 166 A.3d 344, 347 (Pa.Super. 2017). "It is an appellant's burden to persuade us that the PCRA court erred and that relief is due." *Commonwealth v. Stansbury*, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

It is well-established that, "[b]ecause the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition, we must start by examining the timeliness of Appellant's petition." *Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014). Indeed, "no court has jurisdiction to hear an untimely PCRA petition." *Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa.Super. 2019). The PCRA provides as follows regarding the time for filing a petition:

Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this

- 3 -

Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Further, any petition invoking an exception to the one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant acknowledges that his judgment of sentence became final in 1985 when no direct appeal was filed. **See** Appellant's brief at 11.[1] Appellant filed the PCRA petition that is the subject of the instant appeal decades later.

---

[1] The certified record does not include all filings in this case dating back to its inception, but rather contains only documents filed in 2012 and later. Appellant filed an objection to the abridged nature of the certified record in which Appellant claimed that he had not earlier received the record inventory list to enable him to comply with his duty to ensure that the record was complete. Prior to the assignment of the appeal to this panel, this Court construed Appellant's objection as an application to correct the certified record and declined to grant Appellant relief, suggesting without expressly stating that the omitted filings are not pertinent to the question of the timeliness of the instant PCRA petition. **See** Order, 6/14/21 (citing **Commonwealth v. Alcorn**, 703 A.2d 1054, 1057 (Pa.Super. 1997) (concerning the jurisdictional nature of the PCRA's timeliness requirements)). Since we conclude that the certified record contains all filings necessary to dispose of the appeal, we need not order supplementation of the record pursuant to Pa.R.A.P. 1926(b)(1) (providing, *inter alia*, that this Court may order the correction of omissions from the certified record *sua sponte* at any time).

Thus, it was facially untimely. As noted above, Appellant attempted to invoke the PCRA court's jurisdiction by referencing our Supreme Court's decision in **Peterson** both in the context of the newly-discovered facts exception and the newly-recognized, retroactive constitutional right exception. The PCRA court concluded that **Peterson** was unavailing to establish jurisdiction, as judicial decisions are not "facts" for purposes of § 9545(b)(1)(ii), and **Peterson** did not recognize a new constitutional right that the Court held was retroactively applicable. **See** PCRA Court Opinion, 3/11/21, at 1.

Before addressing Appellant's claims of error, we examine our High Court's **Peterson** decision. In that case, counsel for a defendant who was, like Appellant, serving a pre-PCRA sentence, filed a PCRA petition in 1997 one day beyond the deadline established by the new statutory scheme. After some preliminary activity, the case sat dormant until 2012 when the defendant wrote to the court asking about the status of his case. The PCRA court addressed the merits of the petition but denied relief. On appeal, this Court affirmed the denial of relief not on the merits, but on the basis that the petition was untimely and the PCRA court lacked jurisdiction to grant relief.

The defendant promptly filed a second PCRA petition, seeking reinstatement of his right to appeal the denial of his first PCRA petition, on the basis that PCRA counsel had been ineffective in filing the petition late. The PCRA court held that the fact that the prior petition was late was a fact that the defendant first discovered at the time that this Court decided the appeal,

and that he exercised due diligence in making that discovery. Although concluding that the merits of the petition were thus properly before it, the PCRA court again denied relief for the reasons it initially identified. On appeal, this Court held that the exception did not apply because, unlike the defendant in **Commonwealth v. Bennett**, 930 A.2d 1264, 1273 (Pa. 2007), counsel took some, albeit necessarily fruitless, actions on his client's behalf, and thus did not completely deprive the defendant of PCRA review through abandonment.[2] Our Supreme Court reversed, explaining as follows:

> In the present case, counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, as it completely deprived Peterson of any consideration of his collateral claims under the PCRA. As a result, pursuant to **Bennett**, the Superior Court erred in reversing the PCRA court's ruling that Peterson, when filing his second PCRA petition, had successfully invoked the subsection 9545(b)(1)(ii) exception to the time bar. Counsel's ineffectiveness *per se* in connection with Peterson's first PCRA petition was a newly discovered "fact" and the PCRA court made factual findings that Peterson did not know about the untimely filing and could not have ascertained this fact through the exercise of due diligence. Peterson filed his second PCRA petition within sixty days after he learned of the untimely-filed petition.

> We agree with the Superior Court that the present case does not involve abandonment, as counsel took actions on Peterson's behalf to effectuate an appeal from the denial of relief on his first PCRA petition, including the filing of the first petition (albeit untimely) and an appellate brief. Abandonment, however, is only one form of ineffectiveness *per se*, and our decision in **Bennett** did not limit its application to instances of attorney abandonment.

---

[2] In **Bennett**, the Court held that discovery upon due diligence of the fact that PCRA counsel had abandoned his client by failing to file a brief, causing the appeal to be summarily dismissed, could serve to meet the newly-discovered facts timeliness exception.

To the contrary, in **Bennett** we emphasized that the important distinction for purposes of application of the subsection 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review . . . or instead completely deprives his client of review.

. . . .

For these reasons, we conclude that counsel's untimely filing of Peterson's first PCRA petition constituted ineffectiveness *per se*, as it completely foreclosed Peterson from obtaining review of the collateral claims set forth in his first PCRA petition. Accordingly, as the PCRA court has made the necessary factual findings, Peterson has plead and proven an entitlement to invoke the subsection 9545(b)(1)(ii) exception to permit the filing of his second PCRA petition beyond the one-year time bar.

**Commonwealth v. Peterson**, 192 A.3d 1123, 1130–32 (Pa. 2018) (cleaned up).

Appellant maintains that the **Peterson** holding serves to render the instant PCRA petition timely pursuant to § 9545(b)(1)(ii). He contends that, like Mr. Peterson, he has been completely denied collateral review. Specifically, his initial PCHA petition was filed by counsel without his consent and was dismissed as untimely in 1988, and his prior *pro se* PCRA petitions in which he sought reinstatement of his direct appeal rights were likewise dismissed as untimely. Hence, because he filed this decision within one year of the **Peterson** decision, he is entitled to substantive review of his claims of ineffectiveness of counsel. **See** Appellant's brief at 12-14.

Appellant misapprehends the import of **Peterson**. The fact that underpinned the timeliness exception in that case was that Mr. Peterson had been completely deprived of collateral review due to his counsel's error. Mr.

Peterson's subsequent PCRA petition was **filed within the requisite time following his discovery of that fact**, made with the exercise of due diligence.

The fact upon which Appellant bases his claim, on the other hand, is not the fact that counsel's ineffectiveness deprived him of collateral review. Appellant has known that fact for decades. Instead, Appellant seeks to use the fact that our Supreme Court ruled in favor of Mr. Peterson as his underpinning for the timeliness exception. This is not permitted under the law. As our Supreme Court has succinctly explained,

> under appropriate circumstances, a judicial opinion can provide an independent basis for a new PCRA claim pursuant to 42 Pa.C.S. § 9545(b)(1)(iii), which creates a limited exception for new constitutional rights that have been held to apply retroactively. **But a judicial opinion — even one which may establish a new theory or method of obtaining relief — does not amount to a new "fact" under Section 9545(b)(1)(ii) of the PCRA**.

*Commonwealth v. Reid*, 235 A.3d 1124, 1148 (Pa. 2020) (cleaned up, emphasis added).

Thus, Appellant cannot evoke the *Peterson* decision to avoid the reality that the factual predicate for his claim, namely his counsel's ineffectiveness, was discovered by Appellant far beyond one year before he filed the instant petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 984 (Pa. 2008) ("A PCRA petitioner cannot avoid the one-year time bar by tailoring the factual predicate of the claim pled in his PCRA petition in a way that unmistakably

misrepresents the actual nature of the claim raised."). Stated plainly, the *Peterson* ruling is not a fact that can satisfy the § 9545(b)(1)(ii) exception.

Moreover, Appellant may not utilize *Peterson* to satisfy the new constitutional right exception codified at § 9545(b)(1)(iii). Appellant offers extensive argument why he believes *Peterson* is a watershed procedural rule that abrogates prior precedent, and why the rule should apply retroactively. *See* Appellant's brief at 20-32. However, the plain language of the statute allows a timeliness exception where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and **has been held** by **that court** to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii) (emphases added). As our Supreme Court summarized:

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Reid*, *supra* at 1154 (quoting *Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002)).

- 9 -

Since Appellant points to no decision from our High Court indicating both that *Peterson* recognized a new constitutional right and that it applies retroactively, he cannot use that decision to meet the § 9545(b)(1)(iii) exception. *See Commonwealth v. Hill*, 236 A.3d 1113, 2020 WL 1922517 at *4 (Pa.Super. 2020) (non-precedential decision) (explaining that *Peterson* cannot serve as the basis for satisfying § 9545(b)(1)(iii) because the right at issue in *Peterson* was "not a new substantive constitutional claim, and it has not been held by that court to apply retroactively").[3]

Appellant also argues that his inability to secure the ruling that Mr. Peterson was able to obtain, due to the timing of his counsel's error, results in an "absolute miscarriage of justice," and that "fundamental fairness behoove[s] that PCRA relief be granted on the basis of *Peterson*." Appellant's brief at 19. However, our Supreme Court has made it clear that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (cleaned up). As such, "the courts of Pennsylvania will only entertain a 'miscarriage of justice' claim when the initial timeliness requirement is met." *Commonwealth v. Burton*, 936 A.2d 521, 527 (Pa.Super. 2007).

---

[3] Although this non-precedential decision is not binding, we may cite it for its persuasive value. *See* Pa.R.A.P. 1926(b).

Finally, Appellant's third question posits that, since his initial post-collateral petition filed under the PCHA was defective in that it was not authorized, signed, or verified by Appellant, his *pro se* PCRA petition filed in 1997 must "qualify as the first validly filed postconviction collateral petition[.]" Appellant's brief at 4. **See also id**. at 33-41. We fail to see the import of this question to the issue before us in this appeal, namely, whether the PCRA court erred in finding that Appellant's 2018 PCRA petition was subject to any of the statutory timeliness exceptions. An argument that the 2018 petition is really Appellant's third rather than his fourth has no bearing on that discussion. The 2018 petition is untimely either way, and no court has jurisdiction to address its substance.

In sum, if Appellant's instant petition had been filed within the requisite time following the discovery of counsel's error that wholly deprived him of review, Appellant may have properly invoked the PCRA court's jurisdiction pursuant to § 9545(b)(1)(ii) for the reasons explained in **Bennett** and **Peterson**. That did not happen. Rather, Appellant failed to plead and prove an applicable timeliness exception to the PCRA's one-year rule. Therefore, Appellant has not met his burden of establishing that the PCRA court erred dismissing his petition as untimely, and no relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2021